COUNTY BOARD OF ADJUSTMENT — HEARINGS
The Rogers County Board of Adjustment has the authority to hold a hearing on a request for a conditional use permit for a mobile home in the district under the jurisdiction of the Rogers County Board of Adjustment. This is in response to your request for an Attorney General's opinion, in which you ask, in effect, the following question: Whether the Rogers County Board of Adjustment has authority to hold a hearing on request for a conditional use permit for a mobile home in an AR-F2 zoning district? According to the information you provided relative to the provisions of the zoning regulations of an AR district, there appears to be a question of whether or not the provisions concerning a conditional use permit pertain to a mobile home. Although not specifically indicated, it is assumed for the purposes of this opinion that the district concerned is within the jurisdiction of the Rogers County Board of Adjustment. Title 11 O.S. 407 [11-407] (1971), provides that the local legislative body shall provide for the appointment of a board of adjustment and may provide: ". . . T hat the said Board of Adjustment may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained. . . . ". . . Meetings of the Board shall be held at the call of the chairman and at such other time as the Board may determine. . . . " The Board of Adjustment shall have the following powers: "(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto. "(2) To hear and decide special exceptions to the terms of the ordinance upon which such Board is required to pass under such ordinance. "(3) To authorize in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done. "(4) Exceptions and/or variances may be allowed by the Board only after notice and hearing as hereinafter provided." This enabling legislation goes on to point out in what cases a variance may be granted upon the following findings of the Board of Adjustment. The authority of the Boards of Adjustment is the subject of the Supreme Court's ruling in the case of Brown v. Fraser, Okl., 467 P.2d 464, wherein the Court enumerated those types of situations and under what types of conditions a Board of Adjustment may grant a variance or exception. The Court outlined the breadth of the Board of Adjustment's authority in the syllabus by stating: "Before a board of adjustment, or a district court on appeal therefrom, has authority to grant an exception to, or a variance from, the provisions of a zoning ordinance, the person claiming the exception or variance has the burden of showing: (a) that the granting of the exception or variance will not be contrary to the public interest, and (b) that the literal enforcement of the ordinance will result in unnecessary hardship to the applicant, and (c) that by granting the exception or variance the spirit of the ordinance will be observed, and (d) that by granting the exception or variance substantial justice will be done." It appears clear that in order for the board of adjustment to be in a position to follow the direction of the Supreme Court in granting exception and in operating under the clear intent of the Legislature expressed by the above stated statute, that a hearing would have to be held, if requested, in order to resolve any question with reference to the granting of a permit. It is, therefore, the opinion of the Attorney General that the Rogers County Board of Adjustment has the authority to hold a hearing on a request for a conditional use permit for a mobile home in the district under the jurisdiction of the Rogers County Board of Adjustment. (Robert H. Mitchell)